[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence September 22, 1993 Date of Application September 22, 1993 Date Application Filed September 22, 1993 Date of Decision March 22, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Ansonia/Milford.
Docket No. CR5-91129;
David F. Egan, Esq., Defense Counsel, for Petitioner
Mary M. Galvin, Esq., State's Attorney, for the State
[BY THE DIVISION]
After a plea of guilty, petitioner was convicted of risk of injury to a minor in violation General Statutes 53-21. A sentence of seven years execution suspended after five years with three years probation was imposed. Certain conditions were attached to probation.
The facts underlying petitioner's conviction indicated that he, being twenty-eight years of age, engaged in sexual intercourse with the victim being a female child six years of age.
Petitioner's attorney urged a reduction in sentence. He stated that petitioner admitted sexual misconduct with the victim, his niece. There was, however, a question as to whether penetration occurred. Petitioner is a twenty-eight year old individual with no prior criminal record. Petitioner was from an extremely dysfunctional family and had an I.Q. of 66. The attorney argued that there was no purpose in confining his client and, that probation with an alternative incarceration program would have been much more appropriate. The attorney argued that the sentence was inappropriate considering all of the circumstances.
The state's attorney argued that the sentence should not be modified. She stated that petitioner entered into the plea agreement knowing that the state would ask for a five year sentence. The attorney stated that the judge reviewed all of the facts and that the sentence was appropriate under the circumstances.
The sentencing judge who had an opportunity to observe petitioner stated that the type of crime engaged in by petitioner was repulsive to society. The judge also noted that even though petitioner had limited intellectual capacity he was able to describe to the police what he did. The judge felt that the sentence imposed was appropriate.
The sentence imposed here was well below the maximum sentence authorized by law. Considering all of the factors involved, including the seriousness of the offense and the need to protect the public interest and deter others from committing such offenses, it cannot be found that the sentence imposed was inappropriate or disproportionate. Connecticut CT Page 4462 Practice Book § 942.
Sentence Affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.